IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CORINTHEUS MONICION ASH,

    Plaintiff,

v.                                         CASE NO. 5:18-cv-58-RH-GRJ

A. WILSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing ECF No. 1, a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, and ECF No. 2, a motion for leave to proceed in forma pauperis.

Consistent with the Court's screening obligation under 28 U.S.C. § 1915A, the Court screened the complaint and identified a number of deficiencies. For starters, Plaintiff's motion to proceed in forma pauperis lacked the requisite affidavit of financial status, prisoner consent form and financial certificate, and printout of all transactions in his prison account for the preceding six (6) months.

In addition, as the Court pointed out in its March 19, 2018 order, ECF No. 4, Plaintiff's complaint requested relief that can only be pursued via a

petition for writ of habeas corpus. Plaintiff's purported claims stem from his assertion that law enforcement violated his rights under the Fourth Amendment when they searched his residence and seized a handgun. He also claims he was denied due process because he was not read his *Miranda* rights upon arrest. As relief Plaintiff requests "[t]o be judge fairly under god and under the Supreme Law of The Land. (Reverse and Remanded) Total Restoration of losses." (ECF No. 1 at 8.) Plaintiff also included, as an attachment, a copy of the jury verdict in the Bay County Circuit Court case against him,[1] finding him guilty of felon in possession of a firearm. (*Id.* at 14.)

Therefore, Plaintiff appears to be attempting to challenge the search and seizure and his arrest in the case in which he was convicted in state court and for which he is currently imprisoned. To the extent, however, that Petitioner seeks to have his conviction reversed, the proper avenue to do so is via a petition for writ of habeas corpus under 28 U.S.C. § 2254—not a civil rights complaint. *See* § 2254(a) (section 2254 applies to "a person in custody pursuant to the judgment of a State court . . . in custody in violation of the Constitution or laws or treaties of the United States");

---

[1] *Florida v. Ash*, No. 14-1322CFMA (Fla. Bay County Ct. Oct. 9, 2015).

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (section 1983 is the proper avenue to assert a civil rights action challenging the conditions of confinement or other constitutional violations but does not provide an avenue of relief for challenges to the fact or duration of confinement, nor does it provide relief for an imposed sentence).

The Court did not require Plaintiff to correct the aforementioned deficiencies, however, because Plaintiff failed to disclose information regarding previous lawsuits. Plaintiff executed the complaint under penalty of perjury. (ECF No. 1 at 8.) The Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. (*Id.* at 3–4.) Prisoners are required to disclose whether they have initiated actions in state or federal court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" (*Id.*) In response, Plaintiff identified two cases: (1) *Ash v. Wilson*, No. 14-1322-C (Fla. Bay County Ct. Aug. 14, 2017) (case currently pending alleging violations of Plaintiff's Fourth, Fifth,

and Sixth Amendment rights); and (2) a motion for postconviction relief filed in his state court criminal case. (*Id.*)

A review of the Court's PACER Case Locator reflects, however, that Plaintiff has filed at least five additional actions in federal district court while he has been incarcerated or that relate to the fact of his incarceration: (1) *Ash v. Jones*, No. 5:18-cv-2-MCR-CJK (N.D. Fla. Jan. 2, 2018) (pending petition for writ of habeas corpus under § 2254); (2) *Ash v. Strobel*, No. 5:15-cv-309-MP-CJK, ECF Nos. 19–20 (N.D. Fla. Apr. 18, 2016) (dismissing Plaintiff's complaint pursuant to § 1915A for failure to state a claim); (3) *Ash v. Florida*, No. 5:13-cv-223-RS-EMT, Nos. 11–12 (N.D. Fla. Oc. 21, 2013) (dismissing without prejudice Plaintiff's petition under § 2254 for failure to comply with an order of the Court); (4) *Ash v. Bay Cty. Jail*, No. 5:12-cv-298-RS-GRJ, ECF Nos. 16–17 (N.D. Fla. June 11, 2013) (dismissing Plaintiff's complaint for failure to timely serve under Fed. R. Civ. P. 4, failure to prosecute, and failure to keep the Court informed of a current mailing address); and (5) *Ash v. Florida*, No. 5:13-cv-35-SPM-GRJ, Nos. 10–11 (N.D. Fla. Mar. 25, 2013) (dismissing Plaintiff's complaint pursuant to § 1915A for failure to state a claim). The Court confirmed that the plaintiff in at least the two most recent cases is the same as the plaintiff

in this case, having been identified by his FDOC inmate number (B986134).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake Cty. Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*. The Eleventh Circuit determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions.

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No: 5:18-cv-58-RH-GRJ*

> Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009)

("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court therefore ordered Plaintiff to show cause by April 23, 2018, as to why this case should not be dismissed for abuse of the judicial process. (ECF No. 4.) As of the date of this report and recommendation, Plaintiff has not responded and the time for doing so has expired.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to show cause by April 23, 2018, Plaintiff has failed to comply. Plaintiff has provided no explanation for his lack of candor. Furthermore, upon review of the instant complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a

sanction.

The undersigned therefore concludes that dismissal of this case without prejudice for failure to comply with a Court order and as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully

**RECOMMENDED** that this case should be **DISMISSED without prejudice** for failure to comply with a Court order and as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** this 30th day of April 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations**

as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.